UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA GENE M.[1] | |
| Plaintiff, | Case No. 1:24-cv-00314-BLW-DKG |
| v. | **REPORT AND RECOMMENDATION** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's denial of his application for disability insurance benefits. (Dkt. 1). The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and is fully briefed. (Dkt. 15, 17, 18). Having carefully reviewed the parties' memoranda and the entire administrative record ("AR"), the Court will recommend that the decision of the Commissioner be reversed and remanded for further proceedings for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**BACKGROUND**

On September 17, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on June 1, 2021, due to physical and mental impairments such as learning disorder, diabetes, retinopathy in eyes, low vision, blood sugar damage, arthritis, sleep apnea, and bilateral feet problems. (Dkt. 15 at 2). Plaintiff's application was denied upon initial review and upon reconsideration. A hearing was conducted on June 6, 2023, before Administrative Law Judge ("ALJ") John M. Dowling.[2] (AR 120).

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on July 5, 2023, finding Plaintiff had not been under a disability from June 1, 2021, through the date of the decision. (AR 120-135). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (Dkt. 15 at 3). Plaintiff timely filed this action seeking judicial review of the ALJ's final decision on July 3, 2024. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was 37 years old on the alleged disability onset date. (AR 133). Plaintiff has a high school education and past relevant work as a correctional officer.

**THE ALJ'S DECISION**

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

---

[2] An online video hearing was conducted, and Plaintiff agreed to appear by online video before the hearing and confirmed such agreement at the start of the hearing. (AR 120, 145).

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2021, the alleged onset date. (AR 122). Although Plaintiff had received income in the second, third, and fourth quarters of 2021 and in the first and second quarters of 2022, that income was from vacation, sick leave, and private disability insurance. *Id*. At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: diabetes mellitus – type 1 and asthma. (AR 122). The ALJ further found Plaintiff's hyperlipidemia, hypertension, arthritis, mild diabetic retinopathy, mild obstructive sleep apnea, mild neurocognitive disorder, depression, and attention deficit hyperactive disorder resulted in no more than minimal work-related restrictions and were therefore non-severe. (AR 123). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 124).

The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> [H]e can lift and carry up to 20 pounds occasionally, can lift and carry up to
> 10 pounds frequently, can stand and walk with normal breaks for about 6
> hours in an 8-hour workday, and can sit with normal breaks for about 6
> hours in an 8-hour workday. He can frequently climb ramps and stairs and
> can never climb ladders, ropes, or scaffolds. He must avoid frequent

**REPORT AND RECOMMENDATION - 3**

exposure to vibrations, such as a shaking object or surface, and must avoid
all exposure to unprotected heights.

(AR 125). At step four, the ALJ found Plaintiff was unable to perform his past relevant

work as a corrections officer. (AR 133). The ALJ then found that considering Plaintiff's

age, education, work experience, and RFC, there are jobs that exist in significant numbers

in the national economy that Plaintiff can perform, such as ticket seller, mailroom clerk,

and parking lot attendant. (AR 134). As such, the ALJ determined Plaintiff had not been

under a disability from June 1, 2021, through the date of the decision. *Id.*

## ISSUES FOR REVIEW

1.    Whether the ALJ properly assessed Plaintiff's subjective symptom statements.

2.    Whether the ALJ properly evaluated the medical opinion evidence.

3.    Whether the RFC is supported by substantial evidence in the record.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal

error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*,

139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v.
Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a

whole, weighing both the evidence that supports and the evidence that does not support

the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1. The ALJ Failed to Provide Clear and Convincing Reasons to Disregard Plaintiff's Subjective Symptom Allegations.

Plaintiff argues that the ALJ failed to provide any specific, clear, and convincing reasons for rejecting his subjective symptom testimony. (Dkt 15 at 20). Defendant first

contends that Plaintiff's argument fails because it does not provide specific explanation
as to how the ALJ's finding was in error, but regardless of that, Defendant argues the
ALJ provided several valid reasons for discounting Plaintiff's symptom testimony. (Dkt.
17 at 16).

Where the record contains objective medical evidence "establishing that the
claimant suffers from an impairment that could reasonably produce the symptoms of
which he complains" and there has not been an affirmative finding of malingering, a
claimant's subjective symptom testimony may only be rejected for clear and convincing
reasons. *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008). The clear and
convincing standard does not require this Court to be convinced, "but instead whether the
ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53
F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ summarized Plaintiff's hearing testimony and functional report
where he alleged having a left foot laceration, diabetic neuropathy, bad feet with torn
tendons, diabetes, diarrhea, and bronchitis. (AR 125, 148-53, 382-83). Plaintiff testified
that his hands and feet hurt after doing chores for 30 minutes, he is weak and aches all
over, and has bad vision, but can handle his own personal care, prepare simple meals, do
light household chores, drive, and go out alone. (AR 125, 384-86). The ALJ also
acknowledged that Plaintiff reported that his conditions affect his ability to lift, squat,
stand, bend, walk, sit, kneel, climb stairs, see, remember, and concentrate. (AR 126, 387).

The ALJ found Plaintiff's "medically determinable impairments could reasonably
be expected to cause the alleged symptoms, however [Plaintiff's] statements concerning

the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 126). The ALJ went on to summarize the entirety of the medical evidence in the record (AR 126-30), and then evaluated the medical opinion evidence. (AR 130-32). The ALJ concluded by finding that the RFC assessment was supported by the opinions of the state agency psychological consultants and the overall record. (AR 132). Following this statement, the ALJ included a summary of select medical records previously discussed in the decision that presumably support the RFC. (AR 133).

Defendant first contends that Plaintiff's argument regarding the evaluation of his subjective symptom statements is not presented with sufficient specificity to allow for the Court's consideration. (Dkt. 17 at 16). The Court finds this argument to be unavailing. Plaintiff's argument is that the ALJ "failed to provide any reasons, much less 'specific, clear, and convincing' ones, for finding [Plaintiff's] symptoms were less severe, persistent, and debilitating than he alleged." (Dkt. 15 at 20). As Plaintiff points out in his reply brief, he "cannot provide specific references to reasoning that is absent from the decision." (Dkt 18 at 6). Accordingly, the Court finds Plaintiff's assertion the ALJ did not provide <u>any</u> reasoning to discredit his symptom testimony is sufficient to sustain such an argument and allows this Court to consider whether specific, clear and convincing reasons were provided by the ALJ.

Next, Defendant contends that the ALJ found Plaintiff's symptom statements to be inconsistent with the objective medical evidence. (Dkt. 17 at 18-19). Defendant is correct

that the ALJ stated that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence. However, the ALJ "cannot effectively render a claimant's subjective symptoms testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt*, 53 F.4th at 498 (cleaned up); *see Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) ("An ALJ, however, may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged."). Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is inconsistent with the claimant's subjective symptom testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-38, 1040 (9th Cir. 2007).

The Ninth Circuit has consistently found error when an ALJ does not specifically identify which of the claimant's statements were not credible, even when the ALJ otherwise describes the medical evidence that is supposedly inconsistent with those statements. *E.g., Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 214) (finding insufficient the ALJ's assertion that the claimant's unidentified statements were "not credible to the extent they are inconsistent [with the analysis of the medical evidence]"); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("[O]ur precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that [the claimant's] testimony was inconsistent with her medical treatment"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (holding that an

ALJ improperly rejected testimony when "she simply stated her non-credibility conclusion and then summarized the medical evidence" without identifying the testimony she found not credible).

Defendant maintains that "[t]he ALJ determined that Plaintiff's largely normal respiratory examinations and visual acuity examinations contradicted his allegations of respiratory symptoms and vision problems" and that "[t]he ALJ also found that Plaintiff's largely normal mental examinations contradicted his allegations of mental health symptoms." (Dkt. 17 at 18). Defendant cites to a span of four pages of the ALJ's decision in support of this statement, but the Court's review of the decision finds only the ALJ's summary of the medical records. (AR 126-31). While Defendant is correct that many of Plaintiff's medical records contained largely normal examinations, the ALJ made no explicit finding that those normal examinations contradicted with any of Plaintiff's testimony. *Id*; *Garrison*, 759 F.3d at 1010 (courts will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *see also Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). The ALJ here never expressly stated that Plaintiff's subjective symptom testimony was inconsistent with any particular medical evidence, as it was required to do. As such, the ALJ failed to provide anything beyond a summary of the medical records to support a finding that the objective medical evidence in the record was inconsistent with Plaintiff's subjective symptom statements. The Court

finds that the ALJ's boiler-plate statement that Plaintiff's symptom allegations were inconsistent with medical evidence in the record is not a specific, clear or convincing reason to discount the testimony.

Defendant also argues that Plaintiff's positive response to treatment was a clear and convincing reason the ALJ relied upon when rejecting Plaintiff's symptom testimony. (Dkt. 17 at 18). Defendant cites generally to the decision in support of this assertion. *Id.* (citing AR 125-31). The Court has reviewed the ALJ's decision, and the records cited to by Defendant, and does not identify where the ALJ found Plaintiff's improvement with treatment to be a specific reason to reject his symptom testimony. The relevant portions cited to by Defendant are simply a summary of Plaintiff's medical records that make no connection to Plaintiff's testimony. (Dkt. 17 18-19). While some of the records the ALJ summarized may concern Plaintiff's positive response to treatment, that is not sufficient to support the assertion that the ALJ rejected Plaintiff's symptom statements because of that improvement or positive response. Yet again, the Court cannot rely on a reasoning not provided for within the decision. *See Orn*, 495 F.3d at 630.

The same can be said for Defendant's assertion that the ALJ rejected Plaintiff's symptoms statements because they were inconsistent with Plaintiff's activities of daily living. (Dkt. 17 at 19-20). These records cited to by Defendant and attributed as the ALJ's discreditation of Plaintiff's testimony are also just the ALJ's recapitulation of the medical evidence, including Plaintiff's statements to his providers. *Id.* Defendant states that the ALJ "acknowledged that Plaintiff reported working 18-hour days" and considered Plaintiff's physical activity of participating in Brazilian jiu-jitsu to contradict

his allegations of weakness, respiratory symptoms, and foot problems. *Id*. The Court does not find any discussion by the ALJ within the decision of Plaintiff's activities of daily living or previous work history being contradictory to his subjective symptom statements. Again, the Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Therefore, the Court cannot find the ALJ's decision to be supported by substantial evidence based on findings that were not made by the ALJ within the decision.

Ultimately, the "clear and convincing" standard requires an ALJ to show his work. *Smartt*, 53 F.4th at 499. Defendant's arguments here require the Court to improperly "engage in . . . substitution or speculation." *Brown-Hunter*, 806 F.3d at 492. The ALJ's summarization of the medical evidence is not sufficient for the Court to determine whether the ALJ properly considered and rejected Plaintiff's subjective symptom testimony for specific, clear and convincing reasons. Because the Court cannot make such a determination, the ALJ erred.

The ALJ's error here is not harmless because the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting [Plaintiff's subjective symptom testimony], could have a reached a different disability determination." *Stout*, 454 F.3d at 1055-56. Had the ALJ found substantial evidence supported Plaintiff's subjective symptom statements, the ALJ may have included different limitations in the RFC, and the

ultimate disability determination may have been different.[3]

## CONCLUSION

Based on the foregoing, the Court concludes that the ALJ harmfully erred in discrediting Plaintiff's subjective symptom testimony. Accordingly, the decision of the Commissioner must be reversed. The decision whether to remand for further proceedings or award immediate benefits is within the discretion of the Court. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Remand for a direct award of benefits is generally only proper where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. *Id.* at 682-83. However, in cases where further administrative review could remedy the Commissioner's errors, remand for further proceedings is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman v. Apfel*, 211 F.3d 1172, 1179-81 (9th Cir. 2000). Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

The ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. Plaintiff argues that remand for an immediate award of benefits is appropriate in this case. (Dkt. 15 at 21.) However, the Court disagrees, and finds the circumstances presented in this case suggest that further administrative review

---

[3] Having found that remand is warranted based on the issue of Plaintiff's subjective symptom testimony, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

could remedy the errors identified. *Burrell v. Colvin*, 775 F.3d, 1133, 1141 (9th Cir. 2014) (Remand is proper where "the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Accordingly, the Court finds remand for further administrative proceedings to be appropriate under the circumstances presented in this case. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that:

1) The decision of the Commissioner of Social Security be **REVERSED**; and

2) This action be **REMANDED** to the Commissioner for further proceedings consistent with this opinion;

3) The Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

4) Judgment be **ENTERED** in favor of Plaintiff.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

**REPORT AND RECOMMENDATION - 13**

DATED: May 2, 2025

Honorable Debora K. Grasham
United States Magistrate Judge